**In the Matter of Frank W. OLIVER, Attorney.**

**No. 69 D 4.**

United States District Court, N. D. Illinois,

Feb. 12, 1970.

Thomas A. Foran, U. S. Atty., D. Arthur Connelly, Asst. U. S. Atty., for the Government.

James M. Shellow, Milwaukee, Wis., Percy L. Julian, Jr., Madison, Wis., Robert Kasanof, New York City, for respondent.

Before CAMPBELL, Chief Judge, ROBSON, Acting Chief Judge, and PERRY and NAPOLI, District Judges, the Executive Committee.

## MEMORANDUM, FINDINGS OF FACT, CONCLUSION OF LAW AND ORDER

PER CURIAM.

On November 6, 1969 respondent Frank W. Oliver, a member of the bar of this court, on behalf of a number of other attorneys practicing in criminal cases, filed with this court a suit captioned Petition in Re: Trials of Pending

**1184**

Future Criminal Cases, No. 69 C 2339, 306 F.Supp. 333 and requested consideration and relief. Essentially the petition stated concern that criminal cases were likely to be affected by what the petitioners seemed to consider "extraordinary events" which they attributed to the trial of the case of United States of America v. David Dellinger et al No. 69 CR 180.

Immediately after filing said petition, and before the court could possibly give the petition any consideration whatsoever, respondent conducted a prearranged conference with the communications media, appeared on television and issued public statements all of which related to and commented upon the petition he had just filed with the court.

The petition filed by Mr. Oliver was in due course considered and determined by this Committee to be frivolous and impertinent and was ordered stricken. (Executive Committee Order, November 13, 1969). In that order we noted that respondent had issued statements to the press and other media in this district, on November 6, 1969, in violation of the Canons of Professional Ethics.

On November 14, 1969 this Committee issued a citation ordering respondent to show cause why he should not be disciplined for violation of the Canons of Professional Ethics and of this court's mandate to the bar promulgated as a Policy Statement on November 12, 1965 in response to a directive of the Judicial Conference of the United States through its Committee on Free Press—Fair Trial. That mandate reads as follows:

"The members of the bar of this court are reminded that they as well as the Judges should, in accordance with the Canons of Judicial and Legal Ethics, refrain from commenting on and attempting to explain through any source of news media, action taken or anticipated in any pending litigation. Extra-judicial comments and out of court explanations or statements by the bar notwithstanding their being an attempt to avoid criticism frequent-ly tend to create rather than resolve misconceptions and suspicions in the mind of the public.

Violations of this policy by any member of the bar of this court would be a subject of discipline pursuant to Rule 8."

At the hearing held upon the Show Cause Order Mr. Oliver filed a written response in which he admitted that at the time of his cited misconduct "he knew of the provisions of the applicable rules" and that "prior to the filing of the petition, arrangements were made for his interview by the news media, all with his consent." He further unequivocally states, "That at the time of that interview he was aware that the conduct in which he was engaged was violative of the Policy Statement of this court dated November 12, 1965." Furthermore respondent boldly informed the court, "that he intends to continue to make such statements to the news media and other persons who will listen, as seemed to him to touch upon matters of public importance, whether or not they concern the judiciary or the administration of justice, with the single exception that as in the past he will make no statements that will tend to contaminate or improperly influence any trier of facts."

The only defense raised by respondent is a defiant statement that his conduct was a constitutionally protected activity. Respondent also filed a two page brief in which he lists the First Amendment to the United States Constitution and a number of First Amendment decisions.

The petition (69 C 2339) in part and some of Mr. Oliver's comments to the press and television related to another case pending in this court, United States v. Dellinger. The comments in the petition and in the press and television interviews relating to the *Dellinger* case are not of course the subject of this citation. This is completely clear from a simple reading of the citation. The respondent obviously had the right and might even have a duty as a member of the bar to comment on any case he deems

worthy of his self esteemed comments, so long as he is not active as counsel in the case he comments upon. This citation is concerned only with Mr. Oliver's comments relating to case No. 69 C 2339 which he filed as attorney.

In regard to that case, Mr. Oliver admits that he was fully aware of the mandate of this court prohibiting the comments complained of, yet made those comments anyway—in total disregard thereof and in open defiance of the authority and duty of this court to enforce its mandate. His conduct is aggravated by his contumacious pronouncement that he intends to continue violating in the future. We find no reasons, constitutional or otherwise, justifying this contemptuous and insolent conduct.

 We find nothing in our Policy Statement, in the report of the Judicial Conference upon which it is based, or in the Canons of Professional Ethics which impinge upon First Amendment freedoms. We have not unreasonably limited the rights of members of the bar of this court to discuss any public issues they feel merit their wisdom. We have only asked and have been required to order our bar that matters they submit to this court to be litigated in a judicial proceedings not be litigated in the communications media while they are pending in court. If any member of the bar feels compelled by his great charisma or self admitted dramatic ability to litigate his case in the forum of public opinion via the communications media instead of in court he need only withdraw as active counsel in his case.

Nor has respondent any right to select those orders of this court which he chooses to obey and those he shall disregard simply on his belief, no matter how well founded, that certain of the orders of this court may be void or invalid. Our system of justice provides adequate means to challenge in an orderly manner, any laws, rules or orders of court which may be thought to be invalid. Respondent has chosen to ignore these procedures and to take upon himself the right to decide those he shall obey and those he shall disregard. Having knowingly, wilfully and openly violated the rules of this court, we have no alternative but to discipline him.

In determining what punishment to impose upon respondent we note that in the past we have disciplined other attorneys including prosecutors in criminal cases for similar violations. In each instance, however, we have found it sufficient to reprimand the respondent and warn that any future violations would result in severe punishment including disbarment. To be consistent and fair similar treatment is appropriate in this case even though the contemptuous threat by the respondent to commit future violations might justify his suspension or disbarment. Accordingly, respondent, Frank W. Oliver, a member of the bar of this court, is hereby reprimanded for his violation of the lawful directives of this court. Respondent Oliver is further advised and forewarned that any future misconduct similar to that here reprimanded shall subject him to disbarment.

It is so ordered.